# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VERNON MARSHALL JAMES YOUNG, <br><br> Defendant. | CR-11-57-GF-BMM <br><br> **ORDER** |

Defendant Vernon Marshall James Young has moved for early termination of his current term of supervised release. (Doc. 314.) The Government opposes the motion. (Doc. 316.) The Court conducted a hearing on the motion on June 5, 2018. For the reasons below, the Court will grant Young's motion.

Young was charged with Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 1153(a), 18 U.S.C. § 113(a)(6), and 18 U.S.C. § 2, and Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 1153(a), 18 U.S.C. § 113(a)(3), and 18 U.S.C. § 2. (Docs. 1; 93.) A jury convicted Young of Simple Assault as a lesser included offense of Assault Resulting in Serious Bodily Injury, and of Assault with a Dangerous Weapon on January 5, 2012. (Doc. 128.) The Court sentenced Young to a total of 51 months of imprisonment, with 36 months of supervised release to follow. (Doc. 199 at 2-3.)

Young commenced his first term of supervised release on September 16, 2015. (Doc. 263 at 1.) The Court revoked Young's supervised release on July 22, 2016, for committing four violations of his conditions of supervision: (1) failure to participate in substance abuse testing; (2) use of a controlled substance; (3) failure to pay restitution; and (4) failure to pay the special assessment. (Doc. 272 at 1.) The Court sentenced Young to fifteen days of imprisonment, followed by 35 months of supervised release. *Id*. at 2-3. Young's current term of supervised release began on July 22, 2016. (Doc. 274 at 1.)

Young's initial term of supervised release would have concluded on September 16, 2018. Young served approximately 10 months of the initial term before his July 22, 2016 revocation. Young's current term of supervised release will conclude on June 22, 2019. Young has served over 22 months of his current term of supervised release.

Federal law authorizes a defendant to move for early termination of his term of supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant" and serves "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release. 18 U.S.C. § 3583(e).

Mr. Young addressed the Court in a letter filed in support of his motion for early termination. (Doc. 315-1 at 8.) Mr. Young notes that his first year of release "was a little rough," but highlights his employment history, his completion of substance abuse treatment, and the positive support that he has received from his past and current probation officers. *Id*. Mr. Young believes he has successfully reintegrated himself into his community. *Id*.

Mr. Young has filed six additional letters in support of his motion for early termination, from: (1) Mr. Young's grandmother-in-law, Mary Komeatis; (2) Laura Luna, Mr. Young's mother-in-law; (3) Priscilla Koop, Mr. Young's wife; (4) John Mitchell, Mr. Young's supervisor at the Chippewa Cree Commodity Warehouse; (5) Ursula Russette, Assistant Director of Chippewa Cree Housing Authority; and (6) Suzanne F. Lockwood, a Nurse Practitioner in Psychiatry at Bullhook Community Health Center. (Doc. 315-1 at 1-6.) Mr. Young also provided a Certificate of Completion from the White Sky Hope Center. *Id*. at 7. The letters laud Mr. Young's maturation, dependability, responsibility, honesty, decision-making, and parenting skills. These attachments provide substantial support for the claims made in Mr. Young's own letters.

The Court notes that Mr. Young's conduct has resulted in two Reports of Offender Under Supervision and one Petition to Revoke. (Docs. 242; 263; 274.) The final Report of Offender Under Supervision occurred on September 29, 2016,

within the current term of supervised release. (Doc. 274.) The September 29, 2016, Report alleged that Young had committed two violations of the conditions of his supervised release. (Doc. 274 at 2.) The first violation alleged that Mr. Young submitted to sweat patch testing that revealed the presence of marijuana on July 26, 2016. *Id*. The second violation alleged that the defendant changed his place of residence without notifying the United States Probation Office. *Id*.

Given Young's apparent compliance since the September 29, 2016, report, however, the Court deems it appropriate to shorten–but not immediately terminate–Mr. Young's term of supervised release. Absent any further violations, Mr. Young's supervised release will expire on the date that his originally-imposed term of supervised release would have expired: September 16, 2018. Though he experienced an admittedly "rough" transition, the Court commends Mr. Young for choosing to comply with the conditions of his federal supervision for nearly two years since his lone revocation. The originally-imposed term of three years of supervised release adequately serves the interests of justice.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Early Termination of Supervised Release (Doc. 314) is **GRANTED**.

2. Provided that Mr. Young commits no additional violations of the

4

conditions of his supervision, his term of supervised release will expire on September 16, 2018.

DATED this 5th day of June, 2018.

Brian Morris
United States District Court Judge